# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JEFFREY J. JACKSON**                                                     **PLAINTIFF**

**v.**                                          **No. 4:12CV64-M-A**

**FAYE NOEL**                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jeffrey J. Jackson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Jackson alleges that during an April 18, 2012, shakedown of his cell, the officers conducting the search went through his legal papers looking for a "phone chip" and misplaced some of the papers. Somehow, based upon these facts, he seeks the reinstatement of his *habeas corpus* petition, which this court dismissed as untimely filed on March 14, 2012. *Jackson v. State*, 2:11CV167-B-A (N.D. Miss.) In his *habeas corpus* case, Jackson filed a motion to reconsider the court's dismissal on April 9, 2012. This motion is currently pending in Jackson's *habeas corpus* petition.

## Denial of Access to the Courts

Prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322,

1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970). He has not done so in the present case. His petition for a writ of *habeas corpus* was dismissed on March 14, 2012, and he filed a motion for reconsideration that the court received on April 9, 2012. The search of his papers did not occur until April 18, 2012, well after the dismissal of his *habeas corpus* case – and also after his motion to reconsider. He has not identified a single document that he wished to file, but could not because of his misplaced papers.

As such, the instant case will be dismissed for failure to state a claim upon which relief

could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 17th day of January, 2013.

>/s/ MICHAEL P. MILLS
>**CHIEF JUDGE**
>**UNITED STATES DISTRICT COURT**
>**NORTHERN DISTRICT OF MISSISSIPPI**